THE SOUTH PARK COMMISSIONERS, Appellee, *vs.* FREDER-
ICK F. AYER *et al.* Appellants.

*Opinion filed June 29, 1910.*

1. APPEALS AND ERRORS—*upon remandment of suit at law the
case is open for re-trial upon facts.* Where a suit at law, in which
the parties are entitled to a jury trial, is remanded, the parties are
not bound by what is said in the opinion as to the facts, although
the legal principles announced are binding in so far as they are
applicable to the second trial, but the remandment opens the case
for a new trial upon the facts.

2. EMINENT DOMAIN—*when condemnation verdict will not be
disturbed.* Where the verdict in a condemnation case, rendered
by the jury after viewing the premises, is within the range of the
conflicting testimony as to value and does not appear to be the
result of prejudice or passion, it will not be disturbed, on appeal,
unless it appears to have been brought about by some improper
ruling of the court.

3. SAME—*what holding by Supreme Court is not a determina-
tion of a fact.* A holding by the Supreme Court, on first appeal in
a condemnation case, that the defendants had a right to prove, as
an element of value, that the land was benefited by its proximity
to railroad tracks and by the probability that switch track privi-
leges might be secured by contract with the railroads and the con-
sent of the city, is not a holding, as a fact, that such benefit exists,
but the question is one to be proved as a fact upon the second trial.

4. SAME—*defendants cannot insist that petitioner's witnesses
should take same view as defendants' witnesses.* The fact that the
defendants are entitled to prove, as an element of value, that their
lands are near a railroad and may secure switching connections,
does not require that the witnesses for the petitioner shall take the
same view as defendants' witnesses of the value of such privileges,
and the fact that they do not consider such privileges as increas-
ing the value of the land as previously testified to by them goes
only to the weight of their testimony and not its competency.

5. TRIAL—*court may state grounds upon which it bases its rul-
ing.* In ruling upon an objection of counsel in the course of the
examination of a witness the court has a right to state the grounds
which form the basis of its ruling, and a statement by the court in
a colloquy with counsel during the examination of a witness, to
the effect that the witness had no right to bridge a public alley, is
a correct statement of the law and is not ground for reversal as
being an oral instruction to the jury, even though the jury over-
heard the statement.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

GEORGE P. MERRICK, for appellants.

TOLMAN, REDFIELD & SEXTON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a proceeding commenced in the circuit court of Cook county on the third day of July, 1907, by the appellee, the South Park Commissioners, against the appellants, the property owners, to condemn for park purposes the south two-thirds of the half block situated between Twenty-fifth and Twenty-sixth streets, in the city of Chicago, which property fronts west upon LaSalle street and abuts in the rear upon a ten-foot alley which adjoins the elevated right of way of the Chicago, Rock Island and Pacific Railroad Company and other railroad companies. The case has been tried twice. On the first trial the jury fixed the value of the land, exclusive of improvements, at $60,000, and judgment was rendered on that verdict, which judgment was reversed by this court. (237 Ill. 211.) On the second trial the jury fixed the value of the land at $70,624.11, exclusive of improvements, upon which verdict the court rendered judgment, and the property owners have appealed.

The parties on the last trial each called three witnesses. The witnesses for the appellee fixed the value of the land, exclusive of improvements, Birkhoff at $60,000, Snow at $56,000 and Snelling at $52,250, or an average of $56,083.33, and the witnesses for the appellants fixed the value of the land, exclusive of improvements, Oliver at $110,000, Getchell at $110,000 and Mills at $110,000, or an average of $110,000. The jury viewed the premises, and the law is well settled in this State that in a condemnation proceeding, where the jury have viewed the premises and where

the evidence is conflicting, and where the amount is within the range of value as testified to on the trial and does not appear to have been the result of prejudice, passion, undue influence or other improper cause, the verdict will not be disturbed. (*Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 Ill. 547; *Pullman Co.* v. *City of Chicago,* 224 id. 248.) It is clear the amount fixed by the jury in this case was well within the range of the evidence, which was conflicting, and the verdict should not be set aside unless it appears it was brought about by some improper ruling of the court upon the trial.

The property sought to be taken abuts in the rear upon an alley which adjoins the elevated right of way of several railroad companies, and it has been the view of appellants from the commencement of this litigation that their property is so situated as to furnish an opportunity for a connection between their property and the lines of said railroad companies by platforms, switches or otherwise, which connection will furnish shipping facilities to their property, which greatly enhances its value for manufacturing, warehouse and other purposes.

It appeared from the evidence on the first trial, as well as from the evidence upon this trial, that while property owners whose properties are similarly situated to appellants' with reference to the lines of said railroad companies have by contracts with the railroad companies and by the consent of the city been allowed connection and switching privileges with said railroad companies' lines, the appellants have not secured for their property, either from the railroad companies or the city, such privileges; and upon the first trial it appears to have been the opinion of the trial court that the witnesses and the jury, in determining the value of appellants' property, did not have the right to take into consideration the possibility that the appellants might, by contract with said railroad companies and with the consent of the city, secure for their property similar

shipping facilities to those enjoyed by other properties adjoining the said railroad lines in the vicinity of appellants' property,—that is, that the possibility that such facilities might be secured by the appellants for their property was too remote to be taken into consideration by the witnesses in forming their judgments as to the value of appellants' property while testifying on the trial or by the jury in fixing its value in their verdict, and that element of value was eliminated by the court from the consideration of the jury upon the first trial. This court, upon the appeal from the first judgment, held that in that particular the trial court had fallen into error, as in the view of this court, as the record was then framed, the possibility that the appellants might secure from the city, by ordinance or otherwise, the right to cross the alley between their property and the railroad right of way, and might, by contract or otherwise with the railroad companies, make provision for a connection between their property and the railroad lines by platforms, switches or otherwise, which would furnish shipping facilities in connection with said railroad lines, was an element not too remote to be taken into consideration in determining the value of appellants' property, and the order of reversal of the judgment entered on the first trial directed that the case should be remanded to the trial court for further proceedings consistent with the views expressed in the opinion of the court then filed. On the second trial the question of the value to appellants' property because of the possibility of the connection or switching privileges which attached to the property by reason of its proximity to the said railroad lines was given considerable prominence, and it was contended by the appellants, and their contention is renewed here, that this court had held in its former opinion, as a question of fact, that the property of appellants was entitled to railroad connection and switching privileges with said railroad lines, and that the only question for the trial court and the jury to pass upon

with reference to that question was the value of such privileges to appellants' property.

This was an action at law, and upon the case being re-instated in the circuit court the parties were entitled to a re-trial of the case before a jury, and while the trial court would be governed by the legal principles announced by this court in the opinion filed on the first appeal in so far as those principles were applicable to the case made on the second trial, the parties would not be bound by what was said with reference to the facts in that opinion, for the reason that the reversal and remandment opened up the case for a new trial upon the facts, and to hold that this court by its opinion had concluded the parties to the litigation upon the facts would be to deprive the parties of their right to a jury trial. This court, in a chancery case, may determine the facts, and upon the remandment of the cause direct the trial court what decree it shall enter; but this is not true in cases where the parties, upon a remandment and re-trial, are entitled to have the facts submitted and passed upon by a jury. All this court determined when the case was here the first time was that the appellants had the right to submit to the jury, in addition to all the other facts which bore upon the value of their property, the element of their property's proximity to said railroad lines and the probability that the appellants would be able to secure for their property connections and switching privileges with said railroad lines, and that in determining the value of their property it was the duty of the witnesses and the jury to take into consideration the element of the proximity of the appellants' property to said railroad lines and the probability that the appellants would be able to effect the necessary arrangement with the railroad companies and the city to give appellants' property connection and switching privileges; and as we understand this record, the last trial was had upon the theory that it was proper for the witnesses and the jury, in fixing the value of ap-

pellants' property, to take into consideration the effect upon its value of its proximity to said railroad lines and the probability that the appellants would be able to arrange with said railroad companies and the city for connection and switching facilities which would accommodate appellants' property.

The witnesses of the appellee, in their testimony, each stated that in fixing the value of appellants' property they took into consideration its proximity to the railroad right of way and the probability that appellants would be able to effect an arrangement with the railroad companies and the city whereby their property would enjoy connection and switching facilities. It is said, however, by the appellants, that Birkhoff and Snow, who were witnesses on the first trial, fixed the value of appellants' property on the last trial at the same amount they did upon the first trial, which shows that in fixing the value on the last trial they did not consider the element of connection and switching privileges. The appellee tried the case upon the theory that the possibility of obtaining a connection with and switching facilities from said railroad companies for appellants' property was of little or no value to the property, and its witnesses testified upon that theory, and while the judgment of the witnesses of appellee as to the value of the property did not change from what it was on the first trial, they each admitted, if an arrangement were perfected whereby appellants' property would enjoy the same connection and switching privileges which other enumerated property then enjoyed, the value of the appellants' property would be increased by reason of such connection and switching privileges. The witnesses of appellee did, therefore, give their judgment upon the value of the property of the appellants when said privileges had been secured, and the appellants had the benefit of the judgment of appellee's witnesses upon the theory upon which appellants tried the case and upon which their witnesses testified, and that was all the appel-

lants were entitled to. The appellants could not rightfully insist that the appellee and its witnesses should take the same view which they and their witnesses did of the benefits which their land would receive from the connection and switching privileges which they insisted belonged to their land by reason of its proximity to said railroad lines, but each party had the right to try the case upon its own theory and examine the witnesses upon that theory, the jury being the final arbiters as to which was the true theory as to the fair cash value of the land taken; and while the witnesses and the jury were bound to take into consideration the proximity of the land to the railroad right of way, and that there was a probability that connection and switching privileges would, upon the consummation of an arrangement with the railroad companies and the city, be secured to appellants' land, the value of such privileges at the time the witnesses testified was a matter about which honest witnesses might well disagree. In any event, the jury had before them the fact that the witnesses for appellee fixed the value of appellants' property at the same price on both trials, and the fact that they took into consideration the element of a connection and switching privileges on the last trial which they did not take into consideration on the first trial, only went to the value of their testimony and not to their competency, and the value of their testimony was a question for the jury.

It is also contended that the trial court erred in modifying certain of appellants' instructions by limiting the jury, in fixing the value of appellants' land for switch track purposes, "as far as the same appears from the evidence," it being the contention of the appellants that this court had, in the opinion filed on the former appeal, determined as a fact that the land of appellants was benefited by its proximity to the right of way of said railroads. As we have said, whether appellants' land was benefited by its proximity to said railroad right of way by reason of the connec-

tion and switch track privileges which might thereafter be secured by the appellants from said railroads and the city, and to what extent those privileges, at the time the witnesses testified, benefited the land, was a fact to be decided by the jury from the evidence and not from what had been said by this court in its former opinion. The court did not, therefore, wrongfully limit the jury, in their consideration of the value of such switching privileges, to the evidence then before them.

It is also said that the court erred in declining to give to the jury appellants' twenty-third instruction. That instruction was designed to inform the jury that in fixing the value of appellants' land they should take into consideration the proximity of the land to the railroad right of way, and if, by reason of its location, it was switching property, that fact should be taken into consideration by the jury in arriving at its value. The proposition covered by the instruction was fully covered by other instructions which were given to the jury, and the court did not err in declining to give the instruction to the jury.

It is also contended that the court, in a colloquy between court and counsel during the examination of the witness Oliver, misled the jury by a statement which amounted to an oral instruction to the jury, by the inquiry, "How can a man exercise that privilege [the privilege to put a platform over an alley] if it is a public alley?" to which counsel replied, "He has done the thing—he says he did," to which the court replied, "He can't do that." While the jury were present at the time these remarks were made by court and counsel, the remark of the court was not made to the jury but to counsel, and it was made in ruling upon an objection to a question asked by counsel for appellants by which he sought to bring out the fact that the witness had put a platform across the alley adjoining, on the west, the railroad right of way, and the court having sustained the objection to the evidence, remarked as the basis of its

ruling that the alley being a public alley the witness had no right to bridge it. The court, in ruling upon the objections of counsel in the course of the examination of a witness, has the right to state the grounds which form the basis of its ruling, and that was all that was done by the court at the time it stated the witness had no right to bridge a public alley, which statement was clearly a correct statement of the law. The remark of the court did not amount to an oral instruction to the jury and did not constitute reversible error.

Finding no reversible error in this record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*