(No. 12172.—Reversed and remanded.)

The Pittsburg, Cincinnati, Chicago and St. Louis Railway Company, Appellee, *vs.* Stanley K. Gage *et al.* Appellants.

*Opinion filed·December 18, 1918—Rehearing denied Feb. 5, 1919.*

1. Appeals and errors—*effect of judgment of reversal.* Where a judgment is reversed by an appellate tribunal its judgment is final upon all questions decided, and if the cause is remanded the lower court can take only such proceedings as conform to the judgment of the appellate tribunal.

2. Same—*rule when directions are and are not given.* Where specific directions are given upon remandment of a cause the lower court can do nothing but carry out the specific directions, and if specific directions are not given it must be determined from the nature of the case what further proceedings are proper, and the lower court must examine the opinion and proceed in conformity with it.

3. Same—*on remandment of an action at law, views expressed on the facts are not binding.* In an action at law the Supreme Court has no power to determine the facts on an issue on which the parties are entitled to a jury trial, and hence when an action at law is remanded for a new trial the views expressed in the opinion as to the facts are not binding.

4. Same—*rule where chancery cause is remanded generally.* Where a chancery cause is remanded generally for a new hearing without directions, what is said in the opinion as to·the weight of the evidence applies only to the record then under consideration, only the legal principles announced are binding upon another hearing, new evidence is admissible and the issue is open for consideration upon all the evidence in the case.

5. SAME—*when only one question is open on remandment of a condemnation case.* Where a judgment in a condemnation case is reversed by the Supreme Court solely because the record does not show the inability of the petitioner to agree with the lot owners as to compensation, and the cause is remanded with leave to the petitioner to make further proof of an attempt to agree upon compensation, such question is the only one open to consideration by the trial court upon re-instatement of the case.

6. EVIDENCE—*testimony of agent is admissible to show agency.* While the fact of agency cannot be proved by the mere declarations of the alleged agent, yet his testimony as a witness is admissible for that purpose.

7. SAME—*when secondary evidence of contents of a letter is properly admitted.* While reasonable notice to produce an original letter must be given before secondary evidence of its contents can be admitted over objection, yet the question of what is reasonable notice depends upon the circumstances of the case and is to be determined somewhat in the discretion of the court; and where the party notified resides in the city where the trial is had and no good excuse is offered for not producing the letter two days after notice, secondary evidence is properly admitted.

8. EMINENT DOMAIN—*proof of price paid for property pending condemnation is not admissible.* Where a witness for the defendants in a condemnation case has testified that the value of certain property is $1000 per lot, it is error to permit the petitioner, on cross-examination, to show that the witness, while the condemnation proceeding was pending, had purchased two of the lots for a trifle over $800 for the two.

9. SAME—*what is competent, in rebuttal, on question of value.* Although the petitioner's witnesses have testified that the best use of the property condemned is for residence purposes and have given their estimates of value, yet if the defendant's witnesses testify that the best use is for industrial purposes and give their estimates of value, the petitioner is entitled to recall its witnesses in rebuttal and ask for their opinions as to value assuming the best use to be for industrial purposes.

10. SAME—*if a witness is familiar with the property his opinion is competent though he is not an expert.* The defendants in a condemnation case are entitled to the opinion of a witness as to the value of the property condemned, with which he is personally familiar, even though he may not have qualified to give an expert opinion.

11. SAME—*what evidence as to the cost of constructing switch tracks is incompetent.* In a proceeding to condemn property for

railroad purposes where railroad tracks are at grade and no elevation is necessary or contemplated, evidence as to the difference in cost of construction of switch tracks at grade and on an elevation is incompetent.

12. Same—*when instruction as to future use is incorrect.*  An instruction in a condemnation case authorizing the jury to disregard all evidence "as to possible future uses of the property dependent upon circumstances which may or may never occur" is incorrect, as a capacity for future use which may be anticipated with reasonable certainty though dependent upon circumstances which may possibly never occur may be considered by the jury if the capacity for such use in fact enhances the market value of the land in its present condition and state of improvement.

13. Same—*market value does not mean value to the owner.*  In a condemnation case the term "market value" does not refer to the value to the owner or to the purchaser but to the value on the market.

14. Same—*what instructions should be given as applying rule to particular case.*  If there is a conflict as to whether the property condemned is best adapted for residence purposes or industrial purposes, instructions requiring the jury to consider the elements of "industrial purposes" and "switch-track purposes," if shown by the evidence, should be given if requested, even though the jury is also instructed, in general terms, to take into consideration the use for which the property is most suitable and best adapted.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

DANIEL S. WENTWORTH, and DAVID B. MALONEY, for appellants.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This proceeding was begun by the filing of a petition in the circuit court of Cook county, under the Eminent Domain act, for the condemnation of certain lots adjoining the right of way and property of the railroad company for railroad purposes. A former judgment was brought to this court and reversed for the reason that the record did not

show the inability of the railroad company and the property owners to agree as to the compensation for their lots, and the cause was remanded with leave to the railroad company "to make further proof of an attempt to agree with appellants as to the compensation they should receive for their property." (280 Ill. 639.) When the cause was re-instated a motion was made by the petitioner to make further proof, which was allowed, and the petitioner introduced evidence of efforts to agree with the owners as to the compensation for their lots. The owners moved to dismiss the petition, their motion was overruled, the cause was tried by a jury, and from the judgment rendered on their verdict the property owners have again appealed.

The petitioner, on the preliminary hearing as to the right to maintain the petition, introduced no evidence except upon the question of the attempt to agree with the appellants as to the compensation they should receive. In this motion to dismiss, the appellants, in addition to this question, raised all the objections raised on the first hearing and decided adversely to them on the former appeal, and they insist that the motion should have been allowed because the evidence did not sustain the right of the petitioner to maintain the petition as against these preliminary objections. Their contention is that the preliminary hearing was *de novo* and that the petitioner was required to show a *prima facie* case, while the appellee contends that, so far as that branch of the case is concerned, the judgment and mandate of this court limited the hearing to the question of an attempt to agree with the appellants upon the compensation. Except this question all the objections upon this hearing were contained in the record on the former appeal, were presented to the court and were decided to be without merit. They furnished no reason for reversing the judgment, but it was reversed and the cause remanded for the purpose of again trying the question of the attempt to agree upon compensation. Where a judgment is reversed by an appellate court

the judgment of the appellate court is final upon all questions decided and those questions are no longer open to consideration. If the cause has been remanded, the court to which it is remanded can take only such proceedings as conform to the judgment of the appellate court. If specific directions are given the court can do nothing but carry out the specific directions. If specific directions are not given it must be determined from the nature of the case what further proceedings are proper, and it is the duty of the court to which the cause is remanded to examine the opinion and proceed in conformity with it. (*People* v. *Waite,* 243 Ill. 156; *Union Nat. Bank* v. *Hines,* 187 id. 109.) In an action at law this court has no power to determine the facts on an issue of which the parties are entitled to a trial by a jury, and therefore, upon the remandment of an action at law for a new trial, the views expressed in the opinion in regard to the facts are not binding. (*South Park Comrs.* v. *Ayer,* 245 Ill. 402; *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 87 id. 454.) So where a cause in chancery is remanded generally for a new hearing without directions, what is said in the opinion in regard to the weight of the evidence applies only to the record then under consideration, only the legal principles announced are binding upon another hearing, new evidence is admissible and the issue is open to consideration upon all the evidence in the case. *Burton* v. *Perry,* 146 Ill. 71.

In the trial court there were two questions of fact requiring different methods of trial. The first, which involved the right of the appellee to exercise the power of eminent domain, was preliminary and was to be tried by the court. It had nothing to do with the other issue, which was the amount of compensation to be awarded to the appellants and was to be tried by a jury, except that the trial of the second issue depended upon the determination of the first. The first issue included five questions, which involved the appellee's existence as a corporation, the necessity of tak-

ing the property sought to be condemned, the inability of the appellants to agree with the appellee on the amount of compensation, the limitation of the appellee's rights by a city ordinance, and the necessity of the consent of the Public Utilities Commission to the crossing of the streets of the city of Chicago by the proposed improvement. As to these questions there was no right to a jury trial but they were to be determined by the court. They were all determined by the court in favor of the appellee, and this court on the first appeal decided that all were determined correctly except the question of the ability to agree upon the compensation, and as to this question the cause was remanded, with leave to the appellee to introduce further evidence.

The verdict of a jury is a unit, and where several issues in a cause have been submitted to a jury for trial, if a fatal error is committed as to any issue the verdict cannot stand. On the former appeal, however, this court did not consider the verdict of the jury or the proceedings on the trial. Having arrived at the conclusion that the motion to dismiss the petition should be sustained, there was no right to a trial of the question of the amount of compensation to be awarded and a reversal of the judgment necessarily followed. The court might have entered an order directing the trial court to dismiss the proceedings, or it might have entered an order directing a new hearing on the motion to dismiss the proceedings. In the latter case the whole matter would have been at large on a new hearing and evidence might have been heard upon any phase of the question. The court, however, did neither of these things but remanded the cause, with leave to introduce evidence on a single question in issue. It was the duty of the trial court to proceed in conformity with the opinion of this court, and if the issues upon the motion had been determined on the merits adversely to the appellee the court could have done nothing but sustain the motion and dismiss the petition, there being no right to a trial of the issue by a jury. (*People* v. *Waite,*

*supra.*)   The issues were all determined on the merits except as to the one objection that the evidence did not show an inability to agree on the compensation.   As to that objection the order of reversal directed the court to permit the introduction of further evidence.   The effect of such leave was to restrict the evidence on the preliminary hearing to that question, for if the remandment had been general for a new hearing of the motion, evidence on that question as well as all other questions would have been admissible without any special leave.

The appellants contend that an offer to agree upon compensation was not proved because the authority of the real estate agent of the appellee was not shown.   The by-laws of the appellee were introduced in evidence creating a real estate department and providing that the acquisition of all additional real estate shall be made under the direction of the first vice-president, fourth vice-president or general manager, subject to the approval of the president or executive committee, and all necessary instructions shall be given by such officers to the real estate agent, who shall be furnished with a plan duly approved by the chief engineer.   It is objected that the plan furnished to the real estate agent failed to show any approval by the chief engineer, but as the plan is not shown in the abstract that fact does not appear.   In any event, the failure of the plan to show the approval of the engineer did not affect the authority of the real estate agent.

It is also objected that there is no evidence of approval of the acquisition of the land by the president or executive committee.   The record of the proceedings of the board of directors was introduced in evidence, showing that on November 24, 1915, a stated meeting of the board was held, attended by nine of the thirteen directors, including the members of the executive committee, at which a report of the executive committee was submitted, accepted and approved and the various resolutions therein recommended

were adopted. The report showed a recommendation by the fourth vice-president and general manager of the purchase of the land for the purpose of extending the yards of the company and a resolution that authority be given for the purchase.

George C. Urquhart testified that he was the real estate agent of the railroad company; that he received a letter from the secretary containing a copy of the resolution authorizing the purchase of the land, and sent a letter to Edward A. Warfield, which was introduced in evidence, authorizing him to purchase the property. Objections were made to Urquhart's testimony that he was the real estate agent of the company because the fact of agency could not be proved by his testimony. While it is true that the fact of agency cannot be proved by the mere declarations of the agent, (*Proctor* v. *Tows,* 115 Ill. 138; *Merchants' Nat. Bank* v. *Nichols & Co.* 223 id. 41;) yet his testimony as a witness is admissible for that purpose.

Warfield's authority was sufficiently shown, but it is insisted that the proof fails to show any attempt by him to agree with respondents as to the compensation. He testified to making an offer to several of the appellants. He also delivered to each of the appellants a letter containing a written offer on behalf of the company for the property of the receiver of the letter, stating that if the offer was not accepted within ten days it would be assumed that it was declined and condemnation proceedings would be begun. Carbon copies of the letters were produced and offered in evidence. Of the six appellants, the two McArdles did not object and Thayer and Lucas withdrew their objections. Warfield testified to a verbal offer to Mrs. Miller, so the letter is immaterial so far as she is concerned. When objection was made on behalf of Mrs. Mathews, counsel for the petitioner gave notice to her counsel in open court to produce the original letter. The bill of exceptions shows that two days later Mrs. Mathews' counsel stated to the

court that he had not seen his client, though he had telephoned to her son-in-law, and had not heard from them since. The court held the notice sufficient to admit the copies in evidence. Secondary evidence of the contents of a written document may be admitted where for some reason not in the control of the party desiring it the original can not be produced. Such evidence is not admissible merely because the document desired is in the possession of the adverse party, but in that case such reasonable notice to produce it must be given as will enable the party to produce it at the trial. No more precise rule can be laid down, for much depends upon the circumstances of the case, and the matter must rest somewhat in the discretion of the court. Here the client was not in court but she lived in the city in which the trial was in progress. There is no denial that she had the letter, and it is apparent that by the use of slight effort her attorney could have produced it at the trial. The evidence shows that the appellee made an effort to purchase the property of the appellants but could not agree with them upon the price.

It is further urged that the petition should have been dismissed for the reason that so long a time had elapsed since the filing of the petition that the condition and value of the property had changed in the meanwhile. The petition was filed in April, 1916. There was a trial, a judgment in December, 1917, an appeal by the owners and a reversal for want of proof of an attempt to purchase the land, when, as a matter of fact, the respondents on a second trial made no effort to refute the evidence that they had all received offers for their land in the name of the company. There was no unreasonable delay shown on the part of the petitioner.

It is argued that it was error to permit the jury to view the lots in their changed condition. The evidence does not indicate that the change in condition was such that a view by the jury would be prejudicial to the appellants.

On the jury trial Fred W. Childs, who was an owner of a part of the property sought to be condemned and a respondent, testified on behalf of the appellants that the value of the property was $1000 a lot. On cross-examination he testified that eight or ten months before the second trial, which would be about a year after the petition for condemnation was filed and pending the appeal after the first trial, he and three of the other respondents had purchased two of the lots of another respondent. He was asked how much he paid for those lots. The appellants' objection was overruled, and he answered, a trifle over $800 for the two. A sale of property pending a proceeding for its condemnation for public uses does not afford a fair measure of value and is not admissible in evidence. (*South Park Comrs.* v. *Ayer,* 237 Ill. 211.) The same error occurred on the cross-examination of C. L. Thayer, one of the appellants.

The appellee's witnesses testified that the highest and best use for the property was for residence purposes and testified as to its value for such purposes, but the appellants' witnesses testified that the highest and best use of the property was for manufacturing and industrial purposes and testified as to its value for such purposes. The appellee in rebuttal asked its witnesses the value of the land assuming its highest and best use to be for manufacturing or industrial purposes, and the questions were objected to on the ground that the evidence was not in rebuttal. The objections were overruled and the answers as to value were the same as the testimony of the same witnesses in chief. The evidence was in rebuttal, for after the appellee's case was closed the appellants introduced evidence that the highest and best use of the land was for another purpose than that to which the appellee's witnesses had given their attention and testified. The evidence was competent to meet this new aspect of the case introduced by the appellants and was in rebuttal. It is argued now that it was incompetent for these witnesses to testify to the value of the property for industrial pur-

poses when they had already testified that the highest and best use of the property was not for this purpose but for residence purposes. The appellee was entitled to their opinions and judgment on the appellants' theory of the case as well as on its own.

Wilbur J. Folk was a witness offered on behalf of the appellants who had been in business in the neighborhood as a dealer in coal and building material for twelve years and had been acquainted with the property about twenty-five years. He owned property on the railroad within two blocks of the appellants' lots and had had transactions both in residence and industrial or railroad property. He was asked his opinion as to the highest and best use of the property, and the court sustained an objection on the ground that he had not shown any special qualifications as an expert and he was not permitted to answer. He was personally acquainted with the property, and, whether he was an expert or not, the appellants were entitled to his judgment as to its use and value.

The appellants offered to show the difference in cost of construction of switch tracks at grade and on an elevation and complain that they were not allowed to do so. This question had nothing to do with the issue, which was the value of the property when the petition was filed. The railroad tracks were at grade, no elevation was necessary or contemplated, and the evidence was incompetent.

The court instructed the jury "that the highest and best use which the owner of the respective lots in question is entitled to have considered by the jury in fixing the compensation for land taken must be such a use or prospective use as affected the market value of said lots, respectively, on the 12th day of April, 1916." The giving of this instruction is assigned as error, but in the appellants' argument the words "or prospective use" are omitted from the copy of the instruction and the argument is based upon the giv-

ing of the instruction with those words omitted. The instruction actually given stated the law correctly.

Objection is also made to the following instruction:

"The court instructs the jury that imaginary uses of the property, or a possible future use dependent on vague and uncertain contingencies or conditions, are not elements to be taken into consideration in determining the compensation to be awarded in this case, and you may disregard all evidence introduced in this case, if any, as to possible future uses of the property dependent upon circumstances which may or may never occur."

The proposition contained in the first clause of this instruction is in accordance with the rule of law as stated in *City of Chicago* v. *Lord,* 276 Ill. 571, and the cases there cited, but the last clause without limitation is clearly erroneous. The owner of land appropriated for a public use is entitled to its value for the most profitable use for which it is available, and a capacity for a future use which may be anticipated with reasonable certainty though dependent upon circumstances which may possibly never occur is competent to be shown and considered by the jury in fixing the compensation if the capacity for such use in fact enhances the market value of the land sought to be taken in its present condition and state of improvement. *Calumet River Railway Co.* v. *Moore,* 124 Ill. 329; *Chicago, Evanston and Lake Superior Railroad Co.* v. *Catholic Bishop of Chicago,* 119 id. 525.

It is contended by appellee that the court gave several instructions on the measure of compensation which stated the rule correctly, so that the jury could not have been misled. Two of these instructions are quoted. Whether they correct the error is not necessary to be decided since the judgment must be reversed for other errors in the record.

The appellants asked several instructions which were refused. The first stated that the market value was rather the value the property had on April 12, 1916, to the owner

than the value it will probably have in the hands of the railroad company. It was properly refused. Market value does not refer to value to the owner or to the purchaser but to value in the market, and it was properly defined in the instructions given.

Two instructions which were refused stated that if the jury believed, from the evidence, that the lots were valuable, as stated in one instruction, "for industrial purposes on April 12, 1916," in the other "for switch-track purposes," the jury should consider these elements in arriving at the fair cash market value of the lots. The jury were instructed, in general terms, that they should take into consideration the use for which the property was most suitable and best adapted, but these instructions applying the rule to the particular case should have been given. There was a conflict as to whether the property was best adapted to industrial purposes or residence purposes, and the appellants had the right to have the jury instructed as to the particular point in issue.

Another refused instruction undertook to state the duty of a railroad company to furnish switch connections to shippers or receivers of freight. It was properly refused. Evidence was heard as to the special value of the lots because of their situation with reference to the railroad. The method by which a connection could be compelled had nothing to do with the case. The instruction would have been of no assistance to the jury but its only effect would have been to distract their attention from the real question to be determined.

So far as the other instructions refused stated correct rules of law they were substantially included in the instructions given.

The judgment will be reversed and the cause remanded for a new trial as to the amount of compensation to be made to the appellants.    *Reversed and remanded.*