(No. 13456.—Judgment affirmed.)

THE CITY OF CHICAGO, for use of schools, Appellee, *vs.*
MINNA SCHMIDT *et al.*—(ROSE WITT *et al.* Appellants.)

*Opinion filed October 23, 1920—Rehearing denied Dec. 10, 1920.*

EMINENT DOMAIN—*value of property is not determined by rental
value, alone.* The owner is entitled to be paid the fair cash market
value of property taken for public purposes, and while rental value
is to be considered with other circumstances, it is not the rule that
market value should be fixed by capitalizing the net rental value
at five per cent. (*City of Chicago* v. *Lord,* 276 Ill. 357, and *City
of Chicago* v. *Witt,* 289 id. 520, explained.)

APPEAL from the Circuit Court of Cook county; the
Hon. JESSE A. BALDWIN, Judge, presiding.

GEORGE S. FOSTER, and GEORGE W. WILBUR, for ap-
pellants.

WILLIAM A. BITHER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

This is a proceeding to condemn certain property for
the use of the schools of Chicago. The cause was before
this court on a former appeal, (*City of Chicago* v. *Witt,*
289 Ill. 520,) and reference is made to that opinion for a
full statement of the issues involved. On the second hear-
ing a jury was waived and the case was submitted to the
court, which entered a judgment finding the value of the
property to be $31,585.21. Practically the same case was
made on this hearing as on the former hearing, the values
fixed by the appellee's witnesses ranging from $25,400 to
$28,000, and the values fixed by appellants' witnesses rang-
ing from $37,500 to $40,000. The value fixed by the court
is $182.79 less than the average value fixed by all the
witnesses who testified as to the value of the property, in-

cluding the buildings and the ground. Two building contractors testified on behalf of the appellants, one of them fixing the value of the buildings alone at $46,000 and the other at $60,000. The court heard all the witnesses and viewed the property. The value fixed by the court is more than the minimum and less than the maximum fixed by the testimony of witnesses sworn and examined, and we see no reason for disturbing this finding.

In addition to the questions disposed of in our former opinion there is but one question urged for our consideration here. Appellants contend that the value of the property should be fixed by capitalizing the net rental value of the property at five per cent. This is a novel contention, and we think the rule insisted upon impracticable and without foundation in reason or authority. Carried to the extreme, if property was not rented at all and was producing no income then it might be condemned and taken for public purposes without compensation. Appellants contend that this court has established the rule by language used in *City of Chicago* v. *Lord,* 276 Ill. 357, and *City of Chicago* v. *Witt, supra.* The language on which appellants seek to place this construction was used *arguendo* to show that rental value had not been considered in arriving at the fair market value of the property being condemned. The rule has been long established in this State that the owner of property is entitled to be paid the fair cash market value of property taken for public purposes. The cases above referred to do not establish any new rule but specifically re-affirm the rule long established.

Finding no reversible error in the record the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*