## GEORGE E. KEITH CO. v. ABRAMS et al.

### No. 4264.

Circuit Court of Appeals, Third Circuit.

Sept. 19, 1930.

See, also, 30 F.(2d) 90.

Wm. Newcorn, of Plainfield, N. J., for appellants.

Bilder & Bilder, of Newark, N. J. (Walter J. Bilder, of Newark, N. J., of counsel), for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

This is an action at law to recover the value of shoes sold by the plaintiff to the defendants. The case was tried by the court and a jury, and a verdict was rendered for the plaintiff in the sum of $2,455.07. From the judgment entered on this verdict, the defendants have taken this appeal.

At the trial it was agreed that the amount due the plaintiff for shoes sold and delivered was $3,495.07, but the defendants set up a counterclaim for damages based on an agreement with the plaintiff to constitute the defendants the sole agents for selling the Walk-Over shoes in Plainfield, N. J., and the failure of the plaintiff to sell and deliver shoes to the defendants as required by the defendants to complete their stock of Walk-Over shoes. The jury allowed the amount of the plaintiff's claim as agreed upon at the trial, $3,495.07, and allowed the defendants as damages on their counterclaim $1,040, leaving the amount due the plaintiff $2,455.07. The court is asked to reverse the judgment entered against the defendants on the verdict on the grounds, "1. That the verdict is against the weight of the evidence." And "2. That the jury having found that the contract sued on and counter-claimed against has been breached by the plaintiff, the appellants were entitled to the entire proven damages on their counter-claim."

There is no complaint of commission of any error of law in the trial of the case. The complaint is that the jury did not render its verdict in accordance with the evidence. The burden was on the defendants to establish by the weight of the evidence that the plaintiff broke its contract to sell and deliver shoes to the defendants, and, secondly, the amount of damages resulting to the defendants therefrom. The credibility of the witnesses, the inferences to be drawn from the testimony, and the weight to be given to the evidence, were purely questions of fact for the jury, and their verdict, based upon competent evidence cannot now be disturbed by this appellate court. New York Cent. & H. R. R. Co. v. De Maluta Fraloff, 100 U. S. 24, 25 L. Ed. 531; Parsons v. Bedford, 3 Pet. 433, 7 L. Ed. 732; Lincoln v. Power, 151 U. S. 436, 14 S. Ct. 387, 38 L. Ed. 224. In Railroad Company v. Fraloff, 100 U. S. 24, on page 31, 25 L. Ed. 531, Mr. Justice Harlan, delivering the opinion of the court, said: "No error of law appearing upon the record, this court cannot reverse the judgment because, upon examination of the evidence, we may be of the opinion that the jury should have returned a verdict for a less amount. If the jury acted upon a gross mistake of facts, or were governed by some improper influence or bias, the remedy therefore rested with the court below, under its general power to set aside the verdict. But that court finding that the verdict was abundantly sustained by the evidence, and that there was no ground to suppose that the jury had not performed their duty impartially and justly, refused to disturb the verdict, and overruled a motion for new trial. Whether its action, in that particular, was erroneous or not, our power is restricted by the Constitution to the determination of the questions of law arising upon the record. Our authority does not extend to a re-examination of facts which have been tried by the jury under instructions correctly defining the legal rights of parties. Parsons v. Bedford, 3 Pet. 446 [7 L. Ed. 732; Barreda v. Silsbee] 21 How. 167 [16 L. Ed. 86]; Insurance Company v. Folsom, 18 Wall. 249 [21 L. Ed. 827]."

For the reasons stated above, the verdict of the jury cannot now be disturbed, and the judgment entered thereon is affirmed.