(No. 25439.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, vs. ERNEST G. DIGGINS, Appellant.

*Opinion filed April 10, 1940.*

12

D. T. SMILEY, for appellant.

JOHN E. CASSIDY, Attorney General, T. J. SULLIVAN, and HUGH A. DENEEN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment on a verdict of a jury in a condemnation proceeding instituted by the Department of Public Works and Buildings for the purpose of erecting a viaduct over the Chicago and Northwestern Railway, at a point in the village of Harvard, in McHenry county. The village of Harvard has a population of about . 3000 and is situated on State Bond Issue Routes 19 and 23. This State highway No. 23 extends along Division street, a street extending north and south through the center of the village. The property involved is a part of the west half of lot 7 in block 10. Lot 7 fronts on Division street and is 66 feet in width by 132 feet in depth on Macomb street. Macomb street enters Division street at a point just north of the entrance onto the latter street from the

west, of East Park street, so that by jogging slightly to the south traffic may continue from Macomb street onto East Park street. By an underpass this through connection is preserved.

The strip sought to be taken for the building of the viaduct is approximately 22 feet across the west end of this half-lot owned by appellant. There is a small frame structure used for a gasoline station, with pumps, on this portion of the lot. It is agreed by the parties, in considering the damages accruing to appellant and his tenant, it should be treated as though all of the half-lot were taken. The verdict of the jury was for $3156.50 damages to appellant as owner of the land, and $887.50 to the owner of the leasehold, which had almost a year to run at the time of filing the petition for condemnation.

The tenant has not appealed from the judgment but appellant, as owner of the lot, has brought the case here, contending that the verdict was not sufficient to amount to just compensation. His counsel argue that the court erred in the admission of testimony concerning values and relating to sales of other property. Appellant argues that in fixing property values in a case of this character, the property is considered as based upon the highest and best use to which it is adaptable, and this is conceded by appellee. Appellant also argues that where the owner of the premises has adopted a particular mode of using them, by which he derives a profit of $600 per year rent, justice requires that he be compensated for the loss of such income, and it is argued by appellant's counsel that in order to determine the fair cash market value of property of this character, the gross rental should be capitalized at five per cent or six per cent. It is apparent that appellant and his witnesses, whose testimony placed the damages at $10,000 to $12,000, used this method of arriving at such values, and it is argued in the brief that this is the proper basis for considering values in condemnation proceedings.

Appellant cites the cases of *City of Chicago* v. *Lord,* 276 Ill. 357, and *City of Chicago* v. *Witt,* 289 id. 520. We are of the opinion that counsel misconstrues those cases by relying upon some of the language used in the opinions to support the position he takes in this case. In the later case of *City of Chicago* v. *Schmidt,* 295 Ill. 163, this court had occasion to refer to the two cases cited by appellant's counsel. It was there said: "Appellants contend that the value of the property should be fixed by capitalizing the net rental value of the property at five per cent. This is a novel contention, and we think the rule insisted upon impracticable and without foundation in reason or authority. Carried to the extreme, if property was not rented at all and was producing no income then it might be condemned and taken for public purposes without compensation. Appellants contend that this court has established the rule by language used in *City of Chicago* v. *Lord,* 276 Ill. 357, and *City of Chicago* v. *Witt, supra.* The language on which appellants seek to place this construction was used *arguendo* to show that rental value had not been considered in arriving at the fair market value of the property being condemned. The rule has been long established in this State that the owner of property is entitled to be paid the fair cash market value of property taken for public purposes. The cases above referred to do not establish any new rule but specifically reaffirm the rule long established." While it must be conceded, and counsel for appellee do concede, that rental income is always an important element in determining the value of property, yet that cannot be made the sole basis of calculation.

Counsel for appellant also objects that some of the witnesses were not competent to testify to values. The rule adopted in this State is that any one who is acquainted with the property and has knowledge of values, either in the sale or ownership of property nearby, is competent to testify. The question of the degree of his experience is one of weight

and not of competency of his testimony. (*Kankakee Park District* v. *Heidenreich,* 328 Ill. 198; *Crystal Lake Park District* v. *Consumers Co.* 313 id. 395; *Chicago and Evanston Railroad Co.* v. *Blake,* 116 id. 163.) We have examined the record as to the qualifications of appellee's witnesses and are convinced that they come within this rule. The damages according to appellee's witnesses range from $2500 to $3400 total damages. The total damages awarded was fixed by the jury at $4044. This is within the range of the testimony. Moreover, while on direct examination appellant claimed a damage of $10,000, yet on cross-examination he placed a value on the lot of $750 and on the improvement of $2500, making a total of $3250. The entire surface taken amounts to less than 1500 square feet, and we are of the opinion that the damages awarded were reasonable.

It is objected that improper evidence was received as to neighborhood property. Specifically, the testimony objected to was that of a tract lying across the street and about half a block south of this property. It had approximately 300 feet frontage on the State highway. The testimony showed that it was sold about a year prior to the trial of this cause for $750. It was not error to receive this testimony. The property was in the neighborhood and, though vacant, was adaptable to the use made of appellant's property.

It is the rule in this State that where damages are awarded by a jury, in a proceeding in which the evidence is conflicting, and the jury views the premises and fixes the amount of compensation within the range of the evidence, its verdict will not be disturbed unless there has been a clear and palpable mistake or the verdict was the result of passion and prejudice. *Forest Preserve District* v. *Collins,* 348 Ill. 477; *Forest Preserve District* v. *Dearlove,* 337 id. 555; *Jefferson Park District* v. *Sowinski,* 336 id. 390.

Counsel for appellant contends that the witnesses for appellee did not take into consideration the rental values of this property. It appears from the testimony of some of

them that they did not know what the rentals were, and from others that they did not take the rentals into consideration. This fact goes, not to the competency of such testimony, but to its weight. We are of the opinion that the verdict of the jury should not be set aside because some of the witnesses were of the opinion that rentals should not be considered in fixing value, as that is but one of the elements of value.

Appellant also contends that certain comments made by the trial judge in the presence of the jury were prejudicial. It appears from an examination of the abstract that a witness for appellant, while under cross-examination, disclosed that in fixing the value of the property at $10,000 he based his opinion on the business that was done there. The witness stated that he did not know what the depreciation would amount to. To which counsel for appellant objected, saying that depreciation didn't amount to anything because the landlord had his rent of $600 a year. Whereupon the court stated to counsel for appellant: "I don't agree with you, Judge, not by a long ways, because I have property myself that pays $600 a year; that I am out money at the end of the year when I get through with it. You can't figure $600 net on this proposition." These remarks were objected to but it is apparent that the court was endeavoring to set counsel right as to the necessity for making deductions. Cases cited by appellant in support of his contention that this was error requiring reversal, are not applicable here. In *Lycan* v. *People*, 107 Ill. 423, a criminal case, cited in support of appellant's contention, the court criticized the testimony of witnesses in the presence of the jury. The rule is that while remarks of court made to or in the presence of the jury and having the force of an instruction or opinion on the evidence, may be ground for reversal, the trial court may properly give his reasons for ruling upon evidence and he should be accorded reasonable latitude in so doing. Not every unguarded expression of a judge stating his reason for his

ruling can be treated as ground for granting a new trial. *South Park Comrs.* v. *Ayer,* 245 Ill. 402; *Spohr* v. *City of Chicago,* 206 id. 441; *Birmingham Fire Ins. Co.* v. *Pulver,* 126 id. 329.

On a review of this record we are of the opinion that the verdict of the jury is a fair amount of damage to be accorded appellant within the range of testimony, and that no error was committed on the trial requiring reversal of the judgment. The judgment is, therefore, affirmed.

*Judgment affirmed.*